CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 21, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **THOMAS HENRY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26cv00046** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WISE COUNTY CIRCUIT COURT** | ) | **Robert S. Ballou** |
| **JUDGE, et al.,** | ) | **United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Thomas Henry, a Virginia pretrial detainee, has filed a Complaint under 42 U.S.C. § 1983, alleging that the defendants have a conflict of interest and that they have violated his civil rights under the Fourteenth Amendment and other civil rights. He seeks monetary damages and removal of both defendants from their positions. This matter is before me for preliminary screening, pursuant to 28 U.S.C. § 1915A(a). Having reviewed the complaint, I will dismiss the claims because plaintiff has failed to state a claim upon which relief may be granted and the defendants have immunity from suit.

Section 1983 provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). To state a valid claim, a plaintiff must allege facts that show plausible entitlement to relief; legal conclusions, formulaic recitations of the elements of a cause of action, and conclusory statements are not sufficient. *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). Plaintiff has provided no facts to show that his rights have been violated. Rather, he has stated a conclusion without supporting factual detail. This is not sufficient to state a claim upon which any relief may be granted.

Additionally, plaintiff has named defendants who are immune from suit, even under § 1983. Plaintiff alleges that his rights were violated in open court by the Circuit Court Judge and by the Commonwealth's Attorney. Judges have absolute immunity from suit when acting in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This means that judges are immune from defending against a lawsuit, not just from paying for damages. *Id.* Prosecutors also have absolute immunity from liability for damages arising from activities intimately associated with the judicial phase of the criminal process. *Carter v. Burch*, 34 F.3d 257, 261 (4th Cir. 1994). A prosecutor advocating a position in open court before the judge, with the defendant present, certainly appears to be conducting activity intimately associated with the judicial phase of the criminal process.

For the reasons stated, I will dismiss the Complaint for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief.

A separate order will be entered this day.

Enter: January 21, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge