CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 22, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **THOMAS HENRY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26cv00046** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WISE COUNTY CIRCUIT COURT** | ) | **Robert S. Ballou** |
| **JUDGE, et al.,** | ) | **United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Thomas Henry, a Virginia inmate, previously filed a Complaint in this matter under 42 U.S.C. § 1983, which the court dismissed on January 21, 2026, for failing to state a claim for which relief may be granted and for seeking monetary recovery from defendants who are immune from suit. Henry has filed a timely Motion for Reconsideration.

Motions for Reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) motions will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006). Henry has not suggested any change in law since the court's opinion of January 21, 2026, nor has there been any change. Henry has provided more specific details regarding the facts underlying his claim, but these facts were available to him when he filed his initial Complaint.

The gist of Henry's argument for reconsideration appears to be that he considers the current charges against him in Wise County to be a manifest injustice. Even if that were so, as explained in the original opinion, judges and prosecutors have absolute immunity from civil actions for damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that judges have absolute

immunity from suit when acting in their judicial capacity); *Carter v. Burch*, 34 F.3d 257, 261 (4th Cir. 1994). Henry cannot maintain a lawsuit against those who have absolute immunity.

Further, having more information about the underlying facts, it appears that Henry is still litigating these charges in Wise County Circuit Court. That provides an additional reason for the court to deny this Motion for Reconsideration. Under the *Younger* doctrine, it is a violation of national policy for federal courts to interfere in active, ongoing criminal proceedings in a state court except under special circumstances that do not exist in this case. *Younger v. Harris*, 401 U.S. 37, 41 (1971). This doctrine is based on notions of federalism and comity, properly respecting the state's interest in handling its own criminal prosecutions. *Id.* at 43-44. Any constitutional challenge to the state's actions in the pending charges should be raised in the state trial court and appealed through all levels of the state appellate process in those criminal proceedings. Because that avenue is available to Henry, this court would abstain from exercising jurisdiction even if Henry filed suit against appropriate defendants, which he did not do in this case.

I will deny the Motion for Reconsideration. An appropriate order will be entered this day.

Enter: April 21, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge